IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HARSHAD P. DESAI,**<br><br>   Plaintiff,<br><br>v.<br><br>**PANGUITCH MAIN STREET, INC.;**<br>**AND PANGUITCH CITY**<br>**CORPORATION,**<br><br>   Defendants. | **ORDER**<br><br>Case No. 2:04-cv-691-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

This case has been referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Harshad P. Desai's ("Plaintiff") motion to (1) consider an administrative court decision that has not yet been issued; (2) begin the trial in this case in February or March 2009 or hold the trial until at least July 2009; and (3) consolidate an administrative court case with this case.[2] The court will address Plaintiff's requests in turn.

First, Plaintiff's asks the court to consider an administrative court decision that has not yet been issued. Because the decision Plaintiff references has not yet been issued, Plaintiff's request is not ripe for decision. Put another way, until the decision is indeed issued, any request for this court to consider it is premature. Accordingly, Plaintiff's motion to consider the

---

[1] *See* docket no. 65.

[2] *See* docket no. 66.

unissued administrative court decision is **DENIED**, without prejudice.  If and when that decision is issued, Plaintiff may move the court to consider it at that time.

Second, Plaintiff asks the court to begin the trial in this case in February or March 2009 or hold the trial until at least July 2009.  On December 30, 2008, the court entered a scheduling order setting the trial in this case to begin on November 18, 2009.[3]  Consequently, Plaintiff's motion with respect to trial scheduling has been rendered **MOOT**.

Finally, Plaintiff asks this court to consolidate an administrative court case with the instant case.  Under rule 42(a) of the Federal Rules of Civil Procedure, this court has the authority to consolidate cases, but only those cases "*before the court* involv[ing] a common question of law or fact."  Fed. R. Civ. P. 42(a) (emphasis added); *see also Xiangyuan Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1227 (D. Kan. 2001) (denying the plaintiff's motion to consolidate state cases with federal case).  Because the administrative case that Plaintiff references is not "before the court," Fed. R. Civ. P. 42(a),  the court cannot consolidate that case with the instant case.  Therefore, Plaintiff's motion to consolidate is **DENIED**.

**IT IS SO ORDERED**.

DATED this 8th day of January, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket no. 68.