IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HARSHAD P. DESAI,**<br><br>Plaintiff,<br><br>v.<br><br>**PANGUITCH MAIN STREET, INC. and PANGUITCH CITY CORPORATION,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:04-cv-00691-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are the following motions filed by Harshad P. Desai ("Plaintiff"): (1) motion for leave to amend the complaint,[2] (2) motion to compel,[3] (3) motion to compel,[4] (4) motion to consolidate,[5] and (5) motion to compel and request to amend scheduling order.[6]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah

---

[1] *See* docket no. 65.

[2] *See* docket no. 70.

[3] *See* docket no. 71.

[4] *See* docket no. 79.

[5] *See* docket no. 78.

[6] *See* docket no. 76.

Rules of Practice (the "local civil rules"), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotations and citation omitted), including the requirements of the local civil rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Furthermore, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With these principles in mind, the court will now address each of Plaintiff's motions.

## **DISCUSSION**

### **(1) Motion for Leave to Amend the Complaint**

Plaintiff filed a motion entitled, "Motion to Replace Relief in Original Complaint," which the court will treat as a motion for leave to amend the complaint. In the original complaint, Plaintiff sought $167,500 in damages plus "Court Expenses" and "Legal Expenses."[7] Plaintiff now moves the court for leave to amend the complaint to include damages in excess of $1,000,000. Panguitch City Corporation (the "City") and Panguitch Main Street, Inc. ("Main Street") (collectively, "Defendants") have not filed an opposition to Plaintiff's motion, and the time for doing so has passed. The scheduling order set forth the deadline for filing motions to

---

[7] Docket no. 3 at 7.

amend pleadings for Plaintiff as February 5, 2009, and Plaintiff timely filed his motion for leave to amend on February 4, 2009.

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting previous version of Fed. R. Civ. P. 15)). Based upon this lenient standard, and the fact that the motion is unopposed and timely, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend his complaint is **GRANTED**.

### (2)  Motion to Compel

Plaintiff filed a motion entitled, "Plaintiff's Request for Court Order Compelling Defendants Not To Engage in Obstruction of Justice [and] Allow . . . Plaintiff to Access Public Records," which the court will treat as a motion to compel. In his motion, Plaintiff appears to be requesting that the court order Defendants to allow Plaintiff unfettered access to all of Defendants' records regardless of their relevance to Plaintiff's case. Specifically, Plaintiff moves the court

> [t]o order . . . [D]efendants to allow [Plaintiff] to finish his research work allowing him to access the public records like but not limited to minutes, budget, 990S ([a]nnual income tax filing with IRS), bylaws, changes in bylaws, complete information on funding received by . . . Main Street . . . , grant writing[,] disapproval[,] approval, communication with other government entities, reports[,] suggestions[,] correspondence[,] surveys from public and board members, visitors[,] outside speakers[,] state representatives, their suggestions[,] advice[,] recommendations, attendance of board members in the meetings, etc.[8]

---

[8] Docket no. 71 at 5.

While the discovery process is necessarily broad, the court directs Plaintiff to rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense*–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter *relevant to the subject matter involved in the action*.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  Thus, Plaintiff may discover information that is relevant to his claim for employment discrimination; he may not, however, conduct a fishing expedition at Defendants' offices in the hopes that he will find the proverbial smoking gun.  The court is unwilling to order Defendants to provide Plaintiff with unrestricted access to their offices and files so that he may conduct "research work."[9]  Plaintiff is advised to refrain from appearing at Defendants' offices and requesting discovery from their employees; all requests for discovery should be directed to counsel for Defendants pursuant to the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26–37 (setting forth the procedures that govern depositions and discovery in the federal courts).

Furthermore, Plaintiff has failed to comply with rule 37-1 of the local civil rules, which provides that "[m]otions to compel discovery . . . must be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was

---

[9] *Id.*

inadequate." DUCivR 37-1(b).[10]  Because Plaintiff has failed to provide the specific discovery requests at issue, Defendants' responses, and an explanation as to why Defendants' responses were insufficient, the court **DENIES** Plaintiff's motion at this time.  If there are specific relevant documents that Plaintiff has properly requested from Defendants and that Defendants have failed to produce, Plaintiff may renew his motion to compel once he complies with the procedure set forth in local civil rule 37-1(b).  *See id.*

### (3)  Motion to Compel

Plaintiff filed a motion entitled, "Plaintiff['s] [R]equest to [T]his [C]ourt to [O]rder . . . [D]efendants to [O]pen the [E]xecutive Sessions/[C]losed [D]oor [M]eetings ([U]nder Utah Code [§] 52-4-304) [C]onducted in [N]on-compliance/[V]iolation of Utah [C]odes ([§§] 52-4-202 thru 206) [and A]llow . . . [P]laintiff to [A]ccess the [R]ecords ([W]ritten [R]eports, [T]apes, etc.)."  The court will also construe this pleading as a motion to compel. Defendants have not responded to this motion, and the time for doing so has passed.

Plaintiff appears to be seeking the records of various closed-door meetings held by Defendants from approximately June 24, 1997, to June 24, 2008.  Again, however, Plaintiff fails to comply with rule 37-1 of the local civil rules.  *See id.*  In fact, Plaintiff has not indicated that he even requested the minutes of the closed door meetings from Defendants and that Defendants have refused to produce them.  Plaintiff must first attempt to obtain the minutes through requests for production of documents submitted to Defendants' counsel.  If Defendants, through counsel, object to the production requests, Plaintiff may renew his motion to compel following the procedure of local civil rule 37-1(b).  *See id.*  Accordingly, the court **DENIES** Plaintiff's motion.

---

[10] Plaintiff may access the local civil rules at http://www.utd.uscourts.gov/documents/rulepage.html.

**(4)  Motion to Consolidate**

Plaintiff filed a motion entitled, "Plaintiff's [R]equest to [T]his [C]ourt for Consolidation of [N]ew [C]ase into Existing [C]ase [B]ased on [R]ecent (1) ALJ's [R]uling and (2) [N]ature of [D]iscrimination, [S]ame [D]efendants, [S]ame [P]laintiff, etc.," which the court will construe as a motion to consolidate.  Defendants have not filed an opposition to Plaintiff's motion, and the time for doing so has passed.

Plaintiff seeks to consolidate two administrative court cases into the instant case.  In the first administrative case, the City is the respondent, and, in the second administrative case, Main Street is the respondent.  Plaintiff is the petitioner for both cases.  The cases are essentially identical to each other and to the instant case in that Plaintiff alleges that Defendants discriminated against him when they failed to hire him for the position of executive director for Main Street.  In the instant case, however, Plaintiff exhausted his administrative remedies and then filed his lawsuit; in the other two cases, Plaintiff has not yet exhausted his administrative remedies.  Plaintiff provided to the court a copy of the most recent decisions from the Utah Labor Commission both dated April 10, 2009.[11]  In those decisions, the Utah Labor Commissioner (the "Commissioner") reviewed the Administrative Law Judge's (the "ALJ") dismissals of Plaintiff's claims.  The Commissioner set aside the ALJ's decisions dismissing Plaintiff's claims for lack of jurisdiction and remanded the matter to the ALJ for further proceedings to determine whether Plaintiff was discriminated against as alleged.

Under rule 42(a) of the Federal Rules of Civil Procedure, this court has the authority to consolidate cases, but only those cases "before the court involv[ing] a common question of law

---

[11] *See* docket no. 78, at 52-61.

or fact." Fed. R. Civ. P. 42(a); *see also, e.g.*, *Xiangyuan Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1227 (D. Kan. 2001) (denying the plaintiff's motion to consolidate state cases with federal case).  Because the administrative cases that Plaintiff seeks to consolidate into the instant case are not "before the court," Fed. R. Civ. P. 42(a), the court **DENIES** Plaintiff's motion.  That said, because the administrative cases and the instant case appear to be nearly identical, the court agrees that the cases should be adjudicated together.

Based on the foregoing, the scheduling order in this matter is **VACATED**, and the pretrial conference and trial dates are **STRICKEN**.  The case is **STAYED** until Plaintiff has exhausted his administrative remedies in the administrative cases.  Once Plaintiff receives a right-to-sue letter or other such documentation from the Utah Antidiscrimination and Labor Division and/or the Equal Employment Opportunity Commission indicating that his cases are completed at the administrative level, he may move the court to lift the stay.  After the stay is lifted, the court will favorably consider a motion for leave to amend the complaint to include any new cause(s) of action resulting from the administrative cases.  In his amended complaint, Plaintiff should include the amendment discussed in section (1) above.  Once the stay is lifted and Plaintiff's amended complaint is filed, Plaintiff and Defendants should confer in an attempt to stipulate to new dates for a proposed amended scheduling order.

### (5)  Motion to Compel and Amend the Scheduling Order

Plaintiff filed a motion entitled "Plaintiff['s] [R]equest to this [C]ourt (i) to [R]ecognize that . . . [P]laintiff is at [an] Unfair [D]isadvantage[,] (ii) to [O]rder . . . Defendant[s] to [S]top [P]ractice of Obstruction of Justice[, and] (iii) Move the Discovery Cut Off Date from June 06,

2009[,] to July 31, 2009." The court will construe this pleading as a motion to compel and a request to amend the scheduling order. The court will address Plaintiff's arguments in turn.

### A. Motion to Compel

Plaintiff again moves this court to order Defendants to open their offices to allow Plaintiff unrestricted access to search though Defendants' files at Plaintiff's convenience. The court is unwilling to do so. For the same reasons as set forth in sections (2) and (3) above, the court **DENIES** Plaintiff's motion to compel.

### B. Request to Amend the Scheduling Order

Plaintiff requests that the court amend the scheduling order to extend the fact discovery deadline to July 31, 2009. However, because the court vacated the scheduling order in this matter and stayed the case, this motion is now **MOOT**. An amended scheduling order will be issued when the stay is lifted.

### CONCLUSION

In summary, **IT IS HEREBY ORDERED**:

(1)  Plaintiff's motion for leave to amend his complaint[12] is **GRANTED**.

(2)  Plaintiff's motion to compel[13] is **DENIED**.

(3)  Plaintiff's motion to compel[14] is **DENIED**.

---

[12] *See* docket no. 70.

[13] *See* docket no. 71.

[14] *See* docket no. 79.

(4)	Plaintiff's motion to consolidate[15] is **DENIED**.  The scheduling order in this matter is **VACATED**, and the pretrial conference and trial dates are **STRICKEN**.  The case is **STAYED** until Plaintiff has exhausted his administrative remedies in the related administrative cases.

(5)	Plaintiff's motion to compel[16] is **DENIED**, and his request to amend the scheduling order is **MOOT**.

**IT IS SO ORDERED**.

DATED this 8th day of September, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[15] *See* docket no. 78.

[16] *See* docket no. 76.