# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>Plaintiff,<br><br>v.<br><br>PANGUITCH MAIN STREET, INC. and PANGUITCH CITY CORPORATION,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:04-cv-00691-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are the following motions and requests: (1) Harshad P. Desai's ("Plaintiff") "motion to Re-open the case (removal of Stay)";[2] (2) Plaintiff's motion "for Appointment of Counsel";[3] (3) Plaintiff's "Motion to Change the Trial from Jury Trial to Bench Trial [sic]"[4] and "Request to this court to rule on . . . Motion to Change the Trial from Jury Trial to Bench Trial [sic]";[5] (4) Panguitch Main Street, Inc. and Panguitch

---

[1] *See* docket no. 65.

[2] Docket no. 93.

[3] Docket no. 94.

[4] Docket no. 89.

[5] Docket no. 90.

City Corporation's (collectively, "Defendants") "Motion to Quash Subpoena for Records,"[6] "Plaintiff's request to deny [Defendants'] request to quash the subpoena served by [Plaintiff],"[7] and Plaintiff's "request to order [Defendants] to comply with the subpoena served by [Plaintiff]";[8] (5) "Request to this court for ruling on Consolidation of the cases"[9] and Plaintiff's "Request this [sic] court to rule on Consolidation of Cases EEOC # 35C-2005-00050 & EEOC # 35C-2005-00051 into" the instant case;[10] (6) Plaintiff's "Request . . . to rule on . . . Motion to Replace Relief in Complaint";[11] and (7) Plaintiff's "motion to compel [Defendants] for their ambiguous (cloudy) positions, defense, arguments, claims,"[12] Plaintiff's "request for court order to get financial data, and it's [sic] process and copies of records,"[13] Plaintiff's "request for court order ordering [Defendants] to open closed door meetings/executive sessions as they are in gross violation and for personal benefits,"[14] and Plaintiff's "request for court order ordering [Defendants] to explain, answer, and provide copies of all records in connection to practice of targeting, discriminating, profiling, etc; subjecting [Plaintiff] to harassment, intimidation, civil

---

[6] Docket no. 96.

[7] Docket no. 98.

[8] Docket no. 99.

[9] Docket no. 88.

[10] Docket no. 91.

[11] Docket no. 92.

[12] Docket no. 101.

[13] Docket no. 102.

[14] Docket no. 103.

rights, obstruction of justice, etc."[15] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice ("local civil rules"), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotations and citation omitted), including the requirements of the local civil rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Furthermore, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With these principles in mind, the court will now address each motion and request, combining them where appropriate.

## DISCUSSION

### (1) Plaintiff's Motion to Lift the Stay

On September 9, 2009, this court issued a memorandum decision and order ("September Order") that stayed the case until Plaintiff had exhausted his administrative remedies in two Equal Employment Opportunity Commission ("EEOC") administrative cases (respectively, "EEOC Case No. 35C-2005-00050" and "EEOC Case No. 35C-2005-00051") (collectively,

---

[15] Docket no. 104.

"Administrative Cases").[16] In the September Order, the court agreed with Plaintiff's position that because the Administrative Cases and the instant case appear to be nearly identical, the three cases should be adjudicated together.[17] As such, the court informed Plaintiff that upon receipt of

> a right-to-sue letter or other such documentation from the Utah Antidiscrimination and Labor Division and/or the Equal Employment Opportunity Commission indicating that his [Administrative Cases] are completed at the administrative level, he may move the court to lift the stay. After the stay is lifted, the court will favorably consider a motion for leave to amend the complaint to include any new cause(s) of action resulting from the [A]dministrative [C]ases.[18]

Plaintiff has now filed a motion to lift the stay imposed by the September Order.[19] Plaintiff has provided the following two documents to demonstrate that his administrative remedies in the Administrative Cases have been exhausted: (1) Notice of Right to Sue in EEOC Case No. 35C-2005-00051 issued from the EEOC, dated August 12, 2009; and (2) Notice of Right to Sue in EEOC Case No. 35C-2005-00050 issued from the United States Department of Justice, dated December 9, 2009.[20] Defendants have not responded to Plaintiff's motion, and the time for doing so has passed.

Because it appears that Plaintiff has exhausted his administrative remedies in the Administrative Cases and Defendants have not opposed the motion, *see* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without

---

[16] *See* docket no. 85.

[17] *See id.* at 7.

[18] *Id.*

[19] *See* docket no. 93.

[20] *See id.*

further notice."), Plaintiff's motion to lift the stay is hereby **GRANTED**. Plaintiff may now file a motion for leave to amend the complaint to add claims related to the Administrative Cases. Should Plaintiff seek leave to amend his complaint, he must do so by July 16, 2010.

### (2) Plaintiff's Motion for Appointment of Counsel

Plaintiff has filed a motion for the appointment of counsel to represent him in this matter pursuant to the informa pauperis ("IFP") statute.[21] *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). However, District Judge Dee Benson denied Plaintiff's previous motion to proceed IFP.[22]

As a civil litigant, Plaintiff has no constitutional right to counsel. *See Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) (per curiam). Nevertheless, there is another mechanism by which the court may appoint counsel for Plaintiff. Specifically, "Title VII of the Civil Rights Act of 1964 . . . provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). But before a court may appoint counsel,

> a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel[,] and (3) meritorious allegations of discrimination. The fourth factor–the plaintiff's capacity to present the case without counsel–should be considered in close cases as an aid in exercising discretion.

*Id.* at 1420. The court will now determine whether Plaintiff has established each factor.

As to the first factor, Plaintiff has provided detailed information about his financial situation, and has demonstrated that he is unable "to hire counsel and still meet his . . . daily

---

[21] *See* docket no. 94.

[22] *See* docket no. 1.

5

expenses." *Id.* Furthermore, upon review of the docket in this matter, it appears that Plaintiff meets the fourth factor as well. His capacity to present his case without counsel is questionable in that he continually files motions and requests on issues that have already been decided by the court, *see infra*, he seems to be confused regarding the proper procedure in civil cases, and he repeatedly seeks discovery that is not relevant to his claims for employment discrimination.

Plaintiff, however, has not met the second or third factors. He has not "demonstrate[d] that he . . . has made a reasonably diligent effort under the circumstances to obtain counsel" on his own without success. *See Castner*, 979 F.2d at 1420 (quotations and citations omitted). While Plaintiff has alleged that Defendants failed to hire him on the basis of his race, color, religion, and national origin, he has not affirmatively "demonstrate[d] that his claim has some merit." *Vera v. Utah Dept. of Human Servs., Youth Corr. Div*, No. 99-4069, 2000 WL 130717, *3 (10th Cir. Feb. 4, 2000) (unpublished) (quotations and citations omitted).

Because Plaintiff has failed to demonstrate the second and third factors, his motion for appointment of counsel is **DENIED.**

### (3) Plaintiff's Motion to Change the Trial from a Jury Trial to a Bench Trial and Request for a Ruling

Plaintiff filed a motion to "change the trial from jury trial to bench trial [sic]"[23] and a request for the court to rule on said motion.[24] Defendants have not filed a response to this motion, and the time for doing so has passed. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). As such,

---

[23] Docket no. 89.

[24] *See* docket no. 90.

Plaintiff's motion is **GRANTED**. Plaintiff may include a bench trial request in his amended complaint.

### (4) Defendants' Motion to Quash Subpoena, Plaintiff's Request to Deny Defendants' Motion to Quash, and Plaintiff's Request to Order Defendants to Comply with Plaintiff's Subpoena

On March 11, 2010, Plaintiff served a subpoena entitled "Subpoena for Plaintiff's Request for Production of Records, Documents, etc; and Request for Admissions" on counsel for Defendants.[25] The subpoena states the following: "You are commanded to admit, produce records, and permit inspection and copying of the following documents or objects at the place, date, and time specified below."[26] The place identified is Plaintiff's address; the time identified is "within 14 days of receipt of this subpoena"; and the command is to permit "inspection (visit, access, review, and copy) of the public records at place of entities' operation within schedule of it's [sic] operations."[27] Defendants move the court to quash the subpoena because it fails to comply with the Federal Rules of Civil Procedure and the September Order. The court agrees.

Rule 34(a) of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). As previously discussed in the September Order, rule 26(b)(1) allows the parties to

> obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense***–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter ***relevant to the subject matter involved in the action***. Relevant information need not be admissible at the trial if

---

[25] Docket no. 97, Exhibit 1.

[26] *Id.* at Exhibit 1.

[27] *Id.* at Exhibit 1.

7

the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (emphasis added). In the September Order, the court also indicated that Plaintiff may only "discover information that is relevant to his claim for employment discrimination; he may not, however, conduct a fishing expedition at Defendants' offices in the hopes that he will find the proverbial smoking gun."[28] Under rule 34(b), a request to produce or permit a party to inspect, or copy documents and things in the responding party's possession, custody, or control, "must describe with **_reasonable particularity_** each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A) (emphasis added). Plaintiff's subpoena fails to identify items or categories of items to be inspected or copied, nor does it limit the request to matters that are relevant to Plaintiff's claims for employment discrimination.

Plaintiff argues that he has been "barred from access to any public record of [Panguitch Main Street Organization]."[29] Plaintiff further asserts that "[b]arring any citizen from accessing public record[s] without [a] court order is [a] violation of civil rights, discrimination, obstruction of justice, harassment, intimidation, egoism, arrogance, etc."[30] Plaintiff also contends that he has "'describe[d] with particularity each item or category of items to be inspected'" but that Defendants are "engaged in . . . harassment, intimidation, obstruction of justice, violation of civil right[s], egoism, arrogance, etc" by failing to respond to the subpoena.[31]

---

[28] Docket no. 85 at 4.

[29] Docket no. 99 at 1.

[30] *Id.* at 2.

[31] *Id.* at 3.

8

The court believes that Plaintiff is comparing apples and oranges. In general, municipal entities are required by law to allow members of the public access to public documents, subject to certain requirements. However, the issue of whether or not this particular entity is refusing to allow Plaintiff, as a member of the public, access to public documents is not properly before this court. If Plaintiff has an issue with Defendants failing to provide him access to public documents, he obviously may pursue that issue through the proper channels. This particular lawsuit for employment discrimination is not the proper channel. The issue properly before the court is whether or not Plaintiff has complied with the Federal Rules of Civil Procedure and the September Order to obtain discovery that is *relevant* to his case for employment discrimination. The court concludes that he has not. Defendants are not required to allow Plaintiff unfettered access to their documents and files. Again, Plaintiff must make specific requests for discovery that are relevant to his case for employment discrimination; if Defendants do not comply with or otherwise respond to Plaintiff's proper discovery requests, Plaintiff may then file a motion to compel in accordance with the Federal Rules of Civil Procedure and the local civil rules. *See* Fed. R. Civ. P. 26 to 37 (setting forth the procedures that govern discovery in the federal courts); DUCivR 26-1 to 37-1 (setting forth the local procedures regarding discovery in the United Stated District Court for the District of Utah). Based on the foregoing, Defendants' motion to quash the subpoena is **GRANTED** and Plaintiff's requests are **DENIED**.

### (5) Requests for Ruling on Motions for Consolidation of the Cases

Plaintiff filed two similar documents entitled, "Request to this court for ruling on Consolidation of the cases"[32] and "Request this [sic] court to rule on Consolidation of Cases

---

[32] Docket no. 88.

EEOC # 35C-2005-00050 & EEOC # 35C-2005-00051 into Federal District Court Case # 2:04 cv 00691 DAK."[33] In these documents, Plaintiff requests that this court rule on his previously filed motions to consolidate the Administrative Cases into the instant case.[34] The court, however, has already ruled on those motions.[35] As such, Plaintiff's requests are **MOOT** and therefore **DENIED**.

Nonetheless, in the September Order, the court agreed that the Administrative Cases should be adjudicated with the instant case. The court specifically held that once the stay was lifted, it would "favorably consider a motion for leave to amend the complaint to include any new cause(s) of action resulting from the [A]dministrative [C]ases."[36] Again, because the stay has now been lifted, Plaintiff may file a motion for leave to amend the complaint.

**(6) Plaintiff's Request for Ruling on Motion to Replace Relief in the Complaint**

Plaintiff again asks this court to rule on a motion that it has already ruled upon. As such, Plaintiff's request is **MOOT** and therefore **DENIED.** The court granted Plaintiff's "Motion to Replace Relief in Original Complaint"[37] in the September Order.[38] The court construed it as a motion for leave to amend the complaint to include damages in excess of $1,000,000. The court granted Plaintiff's motion and instructed him to include the substance of that amendment when

---

[33] Docket no. 91.

[34] *See* docket nos. 66 and 78.

[35] *See* docket nos. 69 and 85.

[36] *See* docket no. 85 at 7.

[37] Docket no. 70.

[38] *See* docket no. 85 at 3.

he seeks leave to file an amended complaint to include claims involving the Administrative Cases. Therefore, the court again instructs Plaintiff to include the new requested relief when he files his amended complaint as discussed above.

### (7) Plaintiff's Motion to Compel and Various Requests

Plaintiff filed a motion entitled, "Motion to compel . . . [D]efendants for their ambiguous (cloudy) positions, defense, arguments, claims."[39] Defendants have not filed a response to this motion, and the time for doing so has passed. Plaintiff also filed the following three requests: (1) "Request for Court Order to get Financial Data, and it's [sic] Process and Copies of Records";[40] (2) "request for court order ordering [Defendants] to open closed door meetings/executive sessions as they are in gross violation and for personal benefits";[41] and (3) "request for court order ordering [Defendants] to explain, answer, and provide copies of all records in connection to practice of targeting, discriminating, profiling, etc; subjecting the plaintiff to harassment, intimidation, civil rights, obstruction of justice, etc."[42]

In the motion, Plaintiff is seeking an order requiring Defendants to respond to various discovery-type documents from the Administrative Cases. In the requests, Plaintiff is asking the court to, inter alia, (i) "order [Defendants] to provide all records of finance in fuller form, fill in missing items, etc.";[43] (ii) "order the city to open all documents (tapes, written records, etc.) as

---

[39] Docket no. 101.

[40] Docket no. 102.

[41] Docket no. 103.

[42] Docket no. 104.

[43] Docket no. 102 at 6.

11

the closed door meetings do not serve public best and were for personal gains of authorities";[44] and (iii) "order [Defendants] to provide full explanation why the city is engaged in creating laws[,] rules[,] regulations[,] ordinances[, and/or] resolutions targeting [Plaintiff] and why this activity[,] performance[, and/or] practice [is] not discriminative [or] profiling."[45] It also appears that Plaintiff is challenging the Panguitch City Council's alleged repeated refusals to allow him to appear on its meeting agenda.[46]

Based on the court's review of Plaintiff's convoluted submissions, it appears that Plaintiff has failed to propound proper discovery requests to Defendants in the current case in accordance with the Federal Rules of Civil Procedure. The documents attached to the motion all appear to be correspondence and discovery requests and responses from the Administrative Cases. The requests appear to reassert arguments regarding Defendants' alleged nefarious behavior. For the reasons set forth in section 4 above, Plaintiff's motion and requests are **DENIED**. Plaintiff is again encouraged to review the Federal Rules of Civil Procedure regarding discovery and the corresponding local civil rules. *See* Fed. R. Civ. P. 26 to 37 (setting forth the procedures that govern discovery in the federal courts); DUCivR 26-1 to 37-1 (setting forth the local procedures regarding discovery in the United Stated District Court for the District of Utah).

---

[44] Docket no. 103 at 7.

[45] Docket no. 104 at 18.

[46] *See id.*

Furthermore, this court will no longer address any future pleadings entitled or captioned as "requests." Should Plaintiff seek court intervention on a discovery or other matter, he is instructed to file a proper motion.

## **CONCLUSION**

In summary, **IT IS HEREBY ORDERED**:

(1) Plaintiff's motion to lift the stay[47] is **GRANTED**. Plaintiff may now file a motion for leave to amend the complaint to add any claims related to the Administrative Cases. Should Plaintiff seek leave to amend his complaint, he must do so by July 16, 2010.

(2) Plaintiff's motion for appointment of counsel[48] is **DENIED**.

(3) Plaintiff's motion to change the trial from a jury trial to a bench trial[49] (and related request[50]) is **GRANTED**. Plaintiff may include a bench trial request in his amended complaint.

(4) Defendants' motion to quash[51] is **GRANTED,** and Plaintiff's related requests[52] are **DENIED**.

---

[47] *See* docket no. 93.

[48] *See* docket no. 94.

[49] *See* docket no. 89.

[50] *See* docket no. 90.

[51] *See* docket no. 96.

[52] *See* docket nos. 98 and 99.

(5) Plaintiff's requests for ruling on motions for consolidation of the cases[53] is **MOOT** and therefore **DENIED**.

(6) Plaintiff's request for ruling on the motion to replace relief in the complaint is **MOOT** and therefore **DENIED**. The court again instructs Plaintiff to include the new requested relief when he files his amended complaint as discussed above.

(7) Plaintiff's motion to compel[54] and various requests[55] are **DENIED**.

**IT IS SO ORDERED**.

DATED this 7th day of June, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[53] *See* docket nos. 88 and 91.

[54] *See* docket no. 101.

[55] *See* docket nos. 102, 103, and 104.