# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| HARSHAD P. DESAI, <br><br>Plaintiff, <br><br>v. <br><br>PANGUITCH MAIN STREET, INC. and PANGUITCH CITY CORPORATION, <br><br>Defendants. | MEMORANDUM DECISION AND ORDER <br><br>Case No. 2:04-cv-00691-DAK-PMW <br><br>District Judge Dale A. Kimball <br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are nine motions filed by Harshad P. Desai ("Plaintiff"). The court has carefully reviewed these motions. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotations and

---

[1] *See* docket no. 65.

citation omitted), including the requirements of the local civil rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Furthermore, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With these principles in mind, the court will now address each motion, combining them where appropriate.

## DISCUSSION

### I. Plaintiff's Motions to Amend

In a Memorandum Decision and Order dated June 7, 2010, this court indicated its willingness to favorably consider a motion for leave to amend the complaint to (1) add new claims related to two Equal Employment Opportunity Commission ("EEOC") administrative cases ("Administrative Cases"), (2) change the trial from a jury trial to a bench trial, and (3) change the amount of relief requested.[2] Since that time, Plaintiff has filed several motions for leave to amend his original complaint filed on July 28, 2004 ("Original Complaint"). The court will list each motion for leave to amend as they are captioned.

- A. "Plaintiff's motion for leave to amend . . . RELIEF CHANGE From $100,000 . . . to $2,000,000 . . . for increased emotional disturbance, stress, pain, mental anguish, attendant physical symptoms, injury of reputation, violation of constitutional rights, forced to accept second class citizenship, etc."[3]
- B. "Plainitiff's motion for leave to amend . . . Consolidation - EEOC #35C-2005-00051 . . . and EEOC #35C-2005-00050 . . . Should be consolidated with EEOC # 35C-2004-00123 . . . in Federal District Court case # 2:04cv00691."[4]

---

[2] *See* docket no. 105.

[3] *See* docket no. 106.

[4] *See* docket no. 107.

C. "Motion for Leave to Amend . . . To modify (addendum) original complaint . . . with added complaint resulting from continuation of practice of discrimination [and] . . . To Change jury trial to Bench trial."[5]

D. "Motion for Leave to Amend . . . To modify (addendum) original complaint . . . with added complaint resulting from continuation of practice of discrimination, harassment, intimidation, obstruction of justice, double standard of performance, performance based on who is who, etc. [and] . . . To Change jury trial to Bench trial."[6]

Because the court has already indicated its willingness to allow Plaintiff to file an amended complaint, Plaintiff's above-mentioned motions are **GRANTED**. Plaintiff may file an amended complaint that specifies every cause of action Plaintiff believes he has against Panguitch City Corporation ("City") and Panguitch Main Street, Inc. (collectively, "Defendants") whether or not they were enumerated in the Original Complaint. In other words, Plaintiff should not merely address only the new claims in his amended complaint; Plaintiff should revise the Original Complaint to include all of the claims in the Original Complaint along with the claims related to the Administrative Cases. The amended complaint may also request a bench trial and seek $2,000,000 in relief. That said, upon the filing of Plaintiff's amended complaint, Plaintiff will not be allowed to file any further amended complaints absent extremely compelling circumstances. Plaintiff must file his amended complaint no later than March 31, 2011.

## II. Plaintiff's Motion to Get Correspondence by Fax

In this motion, Plaintiff seeks to receive all correspondence from the court by both fax and mail. Plaintiff argues that the United States Postal Service is "missorting" the mail and

---

[5] *See* docket no. 109.

[6] *See* docket no. 112.

failing to deliver correspondence from the court.[7] The court is not persuaded by Plaintiff's argument. As such, Plaintiff's motion is **DENIED**.

### III. Plaintiff's Motion for Correction

Plaintiff asks this court to allow him to make a correction to one of his motions for leave to amend the complaint. Because the court has already granted Plaintiff's motions to amend the complaint, this motion has been rendered **MOOT**.

### IV. Plaintiff's Motion to Reconsider

Plaintiff moves this court to reconsider a portion of its June 7, 2010 Memorandum Decision and Order granting Defendants' motion to quash a subpoena.[8] Under rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a court's previous order on numerous grounds, including, mistake, surprise, neglect, fraud, misrepresentation, newly discovered evidence, and other reasons that would justify granting relief from an order or judgment. *See* Fed. R. Civ. P. 60(b). After reviewing Plaintiff's motion, it appears that Plaintiff merely disagrees with the court's previous ruling. This is not a sufficient reason for the court to reconsider its previous ruling granting Defendants' motion to quash. As such, Plaintiff's motion to reconsider is **DENIED**.

### V. Plaintiff's Motion to Moot a Previously Filed Motion

Plaintiff moves this court for an order mooting one of his several motions for leave to amend the Original Complaint. Because the court has already granted Plaintiff's motions for leave to amend, the instant motion has been rendered **MOOT**.

---

[7] Docket no. 108.

[8] *See* docket no. 113.

4

### VI. Plaintiff's Motion to Compel

Plaintiff asks this court to compel the City to provide its various "closed door meeting[] materials" for the court to review in camera to determine whether the City engaged in "illegal activities."[9] Plaintiff lists various events unrelated to his claims for employment discrimination where the City supposedly conducted closed-door meetings in violation of Utah law. Plaintiff provides no basis for *this court* in *this case* to order the City to provide information in camera regarding its closed-door meetings. While it is certainly possible that the City has conducted closed-door meetings in violation of Utah law, this particular lawsuit between Plaintiff and Defendants for employment discrimination is not the proper forum for Plaintiff to bring this type of grievance. As such, Plaintiff's motion is **DENIED**.

### CONCLUSION

In summary, **IT IS HEREBY ORDERED**:

**I.** Plaintiff's motions for leave to file an amended complaint[10] are **GRANTED**. Plaintiff must file his amended complaint no later than March 31, 2011;

**II.** Plaintiff's motion to receive all correspondence from the court by fax and mail[11] is **DENIED**;

**III.** Plaintiff's motion to change the amount of relief sought[12] has been rendered **MOOT**;

---

[9] *Id.*

[10] *See* docket nos. 106, 107, 109, and 112.

[11] *See* docket no. 108.

[12] *See* docket no. 110.

**IV.** Plaintiff's motion to reconsider the portion of its June 7, 2010 Memorandum Decision and Order that granted Defendants' motion to quash[13] is **DENIED**;

**V.** Plaintiff's motion to moot one of the motions for leave to amend the Original Complaint[14] has been rendered **MOOT**; and

**VI.** Plaintiff's motion to compel the City to provide materials related to the City's closed-door meetings for an in camera review[15] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 11th day of February, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[13] *See* docket no. 113.

[14] *See* docket no. 114.

[15] *See* docket no. 115