# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **HARSHAD P. DESAI,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| v. | **Case No. 2:04cv691** |
| **PANGUITCH CITY CORPORATION and PANGUITCH MAIN STREET, INC.,** | |
| | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are eleven motions filed by Harshad P. Desai ("Plaintiff"). The court has carefully reviewed the motions and memoranda submitted by Plaintiff. Panguitch City Corporation ("City") and Panguitch Main Street, Inc. (collectively, "Defendants") have failed to respond to any of the motions. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings

---

[1] *See* docket no. 65.

drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotations and citation omitted), including the requirements of the local civil rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Furthermore, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With these principles in mind, the court will now address each of Plaintiff's motions.

## DISCUSSION

### A. Docket no. 118

The instant motion is captioned as "Plaintiff's motion to order the defendants to provide all it's [sic] positions (issues, Matters, incidents, etc.) for plaintiff's research, establishing facts, etc. (for the plaintiff's defense)."[2] In his motion, Plaintiff is essentially requesting that Defendants produce information related to his claims for employment discrimination. As such, the court will treat Plaintiff's motion as a motion to compel.

While it is not clear from Plaintiff's motion whether he served proper discovery requests upon Defendants pursuant to the Federal Rules of Civil Procedure, Defendants have not responded to Plaintiff's motion, and the time for doing so has passed. *See* DUCivR 7-1(b)(4)(B) ("A memorandum opposing any motion that is not a motion filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion."). Accordingly, because Defendants have not opposed Plaintiff's motion, and the motion appears to

---

[2] Docket no. 118 at 1.

at least somewhat relate to his amended complaint, the court **GRANTS** said motion. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). Defendants should take note that failing to respond to motions, irrespective of the perceived merits of the motions, runs the risk of having them granted under this provision. Plaintiff has indicated that he will be out of the country until March 1, 2012.[3] As such, Defendants shall produce the requested discovery to Plaintiff by that same date.

### B. Docket no. 124

The instant motion is captioned as "[t]he plaintiff's request for court order,"[4] which this court will treat as a motion to compel. In this motion, Plaintiff appears to be requesting documents related to meetings between attorney James C. Bradshaw from the law firm Brown, Bradshaw & Moffat, L.L.P. and a group of Garfield County residents (the "Residents"). The Residents apparently retained Mr. Bradshaw to "to investigate potential causes of action that they may have against [Plaintiff] as a result of [his] statements and conduct" against them.[5]

The documents in question are not even tangentially relevant to Plaintiff's claims against Defendants for employment discrimination and, even assuming they are, it is likely that the documents would be protected by the attorney-client privilege. Thus, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

---

[3] *See* docket no. 133.

[4] Docket no. 124 at 1.

[5] Docket no. 124-1 at 7.

## C. Docket no. 125

Docket no. 125 is captioned as "[t]he plaintiff's request for court order. (Issue: Harassment, Targeting, etc.),"[6] which this court will treat as a motion to compel. In this motion, Plaintiff is seeking water and sewer records from the City for all residents and businesses from the year 2000 to the present. Plaintiff has failed to demonstrate that the records sought are in any way relevant to his claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

## D. Docket no. 126

The instant motion is captioned as "[t]he plaintiff's request for court order. (Issue: Harassment, Targeting, etc.),"[7] which this court will also treat as a motion to compel. Plaintiff apparently seeks documents and other materials regarding all citizen complaints made to the City from the year 2000 to the present. Again, the materials sought are not related to Plaintiff's claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

## E. Docket no. 127

The instant motion is captioned as "[t]he plaintiff's request for court order. (Issue: Harassment, Obstruction of Justice, Cover up, etc.),"[8] which this court will also treat as a motion

---

[6] Docket no. 125 at 1.

[7] Docket no. 126 at 1.

[8] Docket no. 127 at 1.

to compel. Plaintiff seeks documents and other materials related to an encounter between Plaintiff and a Garfield County Sheriff Deputy that occurred at Plaintiff's motel on June 16, 2011. Plaintiff has not demonstrated that the materials sought are even marginally related, let alone relevant, to Plaintiff's claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

### F. Docket no. 128

Plaintiff's motion is captioned as "[t]he plaintiff's request for court orders,"[9] which this court will treat as a motion to compel. Plaintiff appears to be seeking (1) responses to his (a) interrogatories and requests for admission and (b) requests for production of documents dated March 10, 2011; and (2) records of meetings between all Panguitch citizens and the city manager, the city attorney, and various members of the Panguitch City Council from 2005 to the present. Plaintiff again failed to demonstrate that the requested documents are related to his claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

### G. Docket no. 129

The instant motion is captioned as "[t]he plaintiff's request for court order. (Issue: Harassment, Obstruction of Justice, Cover up, etc; by the defendant Panguitch City Government) and local Local [sic] contractor for Law Enforcement Services (Garfield County Sheriff

---

[9] Docket no. 128 at 1.

Department))."[10] The court will also treat this motion as a motion to compel. Plaintiff seeks documents from the Garfield County Sheriff Department that are related to Plaintiff from the year 1992 to the present. Plaintiff has not demonstrated that the requested documents pertain to his claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

### H. Docket no. 130

The instant motion is captioned as "[t]he plaintiff's request for court order. (Issue: Harassment, Obstruction of Justice, discrimination, bullying, intimidation, etc; by the defendant Panguitch City Government) and it's [sic] Subdivision (Panguitch City Planning & Zoning Committee))."[11] Again, the court will treat this motion as a motion to compel. Plaintiff seeks documents regarding the selection process for members of the Panguitch City Planning & Zoning Committee and other related zoning materials. Plaintiff has not demonstrated that the requested documents are related to his claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

### I. Docket no. 131

The instant motion is captioned as "[t]he plaintiff's request for court order. (Issue: Harassment, Obstruction of Justice, discrimination, bullying, intimidation, nosing in areas of no concern, illegal activities, etc; by the defendant Panguitch City Government) and performance of

---

[10] Docket no. 129 at 1.

[11] Docket no. 130 at 1.

AAA Organization based on who is who + where the concern/comment coming from regardless of facts.)."[12] The court will also treat this motion as a motion to compel. It appears that Plaintiff is seeking documents related to Defendants' alleged interference with Plaintiff's business relationship with the Automobile Association of America. Once more, Plaintiff has not demonstrated that the requested documents are related to his claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

### J. Docket no. 132

The instant motion is captioned as "[t]he plaintiff's request for court order. (Issue: Systematic approach to push the plaintiff out of the community (Violation of US Constitution), favoritism, discrimination, pseudo ownership of government institutions, etc.) by local Law Enforcement System (under the defendant Panguitch City Corporation and Garfield County government)."[13] Again, the court will treat this motion as a motion to compel. Plaintiff is requesting that this court order the Garfield County Sheriff's Department, a non-party in this matter, to provide information regarding its ongoing

> practice about soliciting personal/private businesses at public entity (Garfield County Jail and Utah State Prison) putting other unassociated with the facility (especially outsider / microminority like Harshad P. Desai) [and] records (2005 thru 2011) of purchase of motel rooms by Garfield County Government (like but not limited to motel's name, date, amount paid, reason, etc.).[14]

---

[12] Docket no. 131 at 1.

[13] Docket no. 132 at 1.

[14] Docket no. 132 at 6.

7

Plaintiff once again has not demonstrated that the requested information is related to his claims against Defendants for employment discrimination. As such, notwithstanding the fact that Defendants failed to respond to Plaintiff's motion, said motion is **DENIED**.

### K.  Docket no. 133

This motion is captioned as "MOTION. The plaintiff request [sic] this court to put all activities (like but not limited to ruling, deadline, etc) of this case on hold December 01, 2011 thru March 01, 2012." The court will treat this motion as a motion to stay.

In his motion, Plaintiff indicates that he will be out of the country until March 1, 2012, and requests that this court delay ruling on his pending motions and/or defer setting any deadlines in this matter until he returns. Because the court has now ruled on all of Plaintiff's pending motions, that portion of Plaintiff's motion to stay is denied. That said, the court will refrain from setting any deadlines or hearings until sometime after March 1, 2012. Accordingly, Plaintiff's motion to stay is **GRANTED IN PART AND DENIED IN PART**.

While the court understands Plaintiff's situation, the only matter before it is Plaintiff's claims against Defendants for employment discrimination as set forth in Plaintiff's amended complaint. Whether the entire community is conspiring against Plaintiff is not an issue before this court. The court also recognizes that this case has been pending for over seven years and that it is in the best interest of all involved to have this matter resolved. Accordingly, the court sets a scheduling and status conference for Friday, March 9, 2012, at 2:00 p.m. in courtroom 477.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1)   Docket no. 118 is **GRANTED**.  Defendants shall produce the requested discovery to Plaintiff by March 1, 2012.

(2)   Docket nos. 124, 125, 126, 127, 128, 129, 130, 131, and 132 are **DENIED**.

(3)   Docket no. 133 is **GRANTED IN PART AND DENIED IN PART**.  A scheduling and status conference is set for Friday, March 9, 2012, at 2:00 p.m. in courtroom 477.

**IT IS SO ORDERED.**

DATED this 13th day of December, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge